UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTERNATIONAL PRINTER CORP.<br><br>    Plaintiff,<br><br>  v.<br><br>BROTHER INTERNATIONAL CORP.; BROTHER INDUSTRIES, LTD.; DELL, INC.; EASTMAN KODAK CO.; HEWLETT-PACKARD CO.; MURATEC AMERICA, INC.; MURATA MACHINERY, LTD.; OCÉ NORTH AMERICA, INC.; OCÉ N.V.; OKI DATA AMERICAS, INC.; OKI DATA CORP.; PANASONIC CORP. OF NORTH AMERICA; MATSUSHITA ELECTRIC INDUSTRIAL CO. LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS CO., LTD.; EPSON AMERICA, INC.; SEIKO EPSON CORP.; TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.; TOSHIBA CORP.; and XEROX CORP.;<br><br>    Defendants. | CASE NO.  2:07CV361 TJW<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff International Printer Corp. ("International Printer") complains against Defendants Brother International Corp. and its parent company, Brother Industries, Ltd.; Dell, Inc.; Eastman Kodak Co.; Hewlett-Packard Co.; Muratec America, Inc. and its parent company, Murata Machinery, Ltd.; Océ North America, Inc. and its parent company, Océ N.V.; Oki Data Americas, Inc. and its parent company, Oki Data Corp.; Panasonic Corporation of North America and its parent company, Matsushita Electric Industrial Co. Ltd.; Samsung Electronics America, Inc. and its parent company, Samsung Electronics Co., Ltd.; Epson America, Inc. and

its parent company, Seiko Epson Corp.; Toshiba America Business Solutions, Inc. and its parent company, Toshiba Corp.; and Xerox Corp. (collectively "the Defendants") as follows:

## I. JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States (Title 35 of the United States Code). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has personal jurisdiction over the Defendants in that each regularly conducts business in this district and has committed acts in this judicial district which give rise to this action. Each of the Defendants has established minimum contacts with this forum such that the exercise of jurisdiction over these Defendants would not offend traditional notions of fair play and substantial justice.

2. Each of the Defendants has committed acts within this judicial district giving rise to this action, including making sales, offering for sale, and providing service and support to their respective customers in this district. Accordingly, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## II. THE PARTIES

3. Plaintiff International Printer is a corporation organized under the laws of Delaware. It is the exclusive licensee with rights to enforce two groups of patents which pertain to, among other technologies, multi-function printers. The first group ("The Tarr Patents") includes United States Patent Nos. 5,077,582 and 5,184,179. The second group ("The Weinberger Patents") includes United States Patent Nos. 5,084,875, 5,333,286, 5,361,265, 5,603,060, 6,009,284, 6,282,383, and 5,214,772.

4.     Defendant Brother International Corp. is a Delaware corporation with its principal place of business in New Jersey.  Brother International Corp. is registered to do business as a foreign corporation in Texas and is selling, marketing, and/or importing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

5.     Defendant Brother Industries, Ltd. is a Japanese corporation with its principal place of business in Nagoya, Japan.  Upon information and belief, Brother Industries, Ltd. owns or controls Brother International Corp., and Brother International Corp. is acting as the agent and/or alter-ego of Brother Industries, Ltd. in this jurisdiction and elsewhere throughout the United States.  Upon information and belief, Brother Industries, Ltd. also manufactures and/or distributes multi-function printers and has introduced infringing products into the stream of commerce knowing they would be sold in this jurisdiction and elsewhere throughout the United States.  (Brother Industries, Ltd. and Brother International Corp. are collectively referred to hereafter as "Brother.")

6.     Defendant Dell, Inc. ("Dell") is a Delaware corporation with its principal place of business in Texas.  Dell is registered to do business as a foreign corporation in Texas and is manufacturing, selling, marketing, importing, and/or distributing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

7.     Defendant Eastman Kodak Co. ("Kodak") is a New Jersey corporation with its principal place of business in New York.  Kodak is registered to do business as a foreign corporation in Texas and is manufacturing, selling, marketing, importing, and/or distributing

several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

8.     Defendant Hewlett-Packard Co. ("HP") is a Delaware corporation with its principal place of business in California.  HP is registered to do business as a foreign corporation in Texas and is manufacturing, selling, marketing, importing, and/or distributing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

9.     Defendant Muratec America, Inc. is a North Carolina corporation with its principal place of business in Texas.  Muratec America, Inc. is registered to do business as a foreign corporation in Texas and is selling, marketing, and/or importing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

10.     Defendant Murata Machinery, Ltd. is a Japanese corporation with its principal place of business in Kyoto, Japan.  Upon information and belief, Murata Machinery, Ltd. owns or controls Muratec America, Inc., and Muratec America, Inc. is acting as the agent and/or alter-ego of Murata Machinery, Ltd. in this jurisdiction and elsewhere throughout the United States.  Upon information and belief, Murata Machinery, Ltd. also manufactures and/or distributes multi-function printers and has introduced infringing products into the stream of commerce knowing they would be sold in this jurisdiction and elsewhere throughout the United States.  (Murata Machinery, Ltd. and Muratec America, Inc. are collectively referred to hereafter as "Muratec.")

11.     Defendant Océ North America, Inc. is a Delaware corporation with its principal place of business in Connecticut.  Océ North America, Inc. is registered to do business as a

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

foreign corporation in Texas and is selling, marketing, and/or importing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

12.     Defendant Océ N.V. is a Netherlands corporation with its principal place of business in Venlo, Netherlands.  Upon information and belief, Océ N.V. owns or controls Océ North America, Inc., and Océ North America, Inc. is acting as the agent and/or alter-ego of Océ N.V. in this jurisdiction and elsewhere throughout the United States.  Upon information and belief, Océ N.V. also manufactures and/or distributes multi-function printers and has introduced infringing products into the stream of commerce knowing they would be sold in this jurisdiction and elsewhere throughout the United States.  (Océ N.V. and Océ North America, Inc. are collectively referred to hereafter as "Océ.")

13.     Defendant Oki Data Americas, Inc. is a Delaware corporation with its principal place of business in New Jersey.  Oki Data Americas, Inc. is registered to do business as a foreign corporation in Texas and is selling, marketing, and/or importing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

14.     Defendant Oki Data Corp. is a Japanese corporation with its principal place of business in Tokyo, Japan.  Upon information and belief, Oki Data Corp. owns or controls Oki Data Americas, Inc., and Oki Data Americas, Inc. is acting as the agent and/or alter-ego of Oki Data Corp. in this jurisdiction and elsewhere throughout the United States.  Upon information and belief, Oki Data Corp. also manufactures and/or distributes multi-function printers and has introduced infringing products into the stream of commerce knowing they would be sold in this

jurisdiction and elsewhere throughout the United States.  (Oki Data Corp. and Oki Data Americas, Inc. are collectively referred to hereafter as "Oki.")

15. Defendant Panasonic Corporation of North America is a Delaware corporation with its principal place of business in New Jersey.  Panasonic Corporation of North America is registered to do business as a foreign corporation in Texas and is selling, marketing, and/or importing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

16. Defendant Matsushita Electric Industrial Co. Ltd. is a Japanese corporation with its principal place of business in Osaka, Japan.  Upon information and belief, Matsushita Electric Industrial Co. Ltd. owns or controls Panasonic Corporation of North America, and Panasonic Corporation of North America is acting as the agent and/or alter-ego of Matsushita Electric Industrial Co. Ltd. in this jurisdiction and elsewhere throughout the United States.  Upon information and belief, Matsushita Electric Industrial Co. Ltd. also manufactures and/or distributes multi-function printers and has introduced infringing products into the stream of commerce knowing they would be sold in this jurisdiction and elsewhere throughout the United States.  (Matsushita Electric Industrial Co. Ltd. and Panasonic Corporation of North America are collectively referred to hereafter as "Panasonic.")

17. Defendant Samsung Electronics America, Inc. is a New York corporation with its principal place of business in New Jersey.  Samsung Electronics America, Inc. is registered to do business as a foreign corporation in Texas and is selling, marketing, and/or importing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

18. Defendant Samsung Electronics Co. is a South Korean corporation with its principal place of business in Seoul, South Korea. Upon information and belief, Samsung Electronics Co., Ltd. owns or controls Samsung Electronics America, Inc., and Samsung Electronics America, Inc. is acting as the agent and/or alter-ego of Samsung Electronics Co., Ltd. in this jurisdiction and elsewhere throughout the United States. Upon information and belief, Samsung Electronics Co., Ltd. also manufactures and/or distributes multi-function printers and has introduced infringing products into the stream of commerce knowing they would be sold in this jurisdiction and elsewhere throughout the United States. (Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. are collectively referred to hereafter as "Samsung.")

19. Defendant Epson America, Inc. is a California corporation with its principal place of business in California. Epson America, Inc. is registered to do business as a foreign corporation in Texas and is selling, marketing, and/or importing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

20. Defendant Seiko Epson Corp. is a Japanese corporation with its principal place of business in Suwa, Japan. Upon information and belief, Seiko Epson Corp. owns or controls Epson America, Inc., and Epson America, Inc. is acting as the agent and/or alter-ego of Seiko Epson Corp. in this jurisdiction and elsewhere throughout the United States. Upon information and belief, Seiko Epson Corp. also manufactures and/or distributes multi-function printers and has introduced infringing products into the stream of commerce knowing they would be sold in this jurisdiction and elsewhere throughout the United States. (Seiko Epson Corp. and Epson America, Inc. are collectively referred to hereafter as "Epson.")

21. Defendant Toshiba America Business Solutions, Inc. is a California corporation with its principal place of business in California. Toshiba America Business Solutions, Inc. is registered to do business as a foreign corporation in Texas and is selling, marketing, and/or importing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

22. Defendant Toshiba Corp. is a Japanese corporation with its principal place of business in Tokyo, Japan. Upon information and belief, Toshiba Corp. owns or controls Toshiba America Business Solutions, Inc., and Toshiba America Business Solutions, Inc. is acting as the agent and/or alter-ego of Toshiba Corp. in this jurisdiction and elsewhere throughout the United States. Upon information and belief, Toshiba Corp. also manufactures and/or distributes multi-function printers and has introduced infringing products into the stream of commerce knowing they would be sold in this jurisdiction and elsewhere throughout the United States. (Toshiba Corp. and Toshiba America Business Solutions, Inc. are collectively referred to hereafter as "Toshiba.")

23. Defendant Xerox Corp. ("Xerox") is a New York corporation with its principal place of business in Connecticut. Xerox is registered to do business as a foreign corporation in Texas and is manufacturing, selling, marketing, importing, and/or distributing several types of networkable multi-function printers in this judicial district and elsewhere throughout the United States.

## III. FACTUAL ALLEGATIONS

### A. The Patents-in-Suit

#### 1. Tarr Patent-in-Suit

24. On December 31, 1991, United States Patent No. 5,077,582 (the "'582 Patent") entitled "Photocopy Monitoring System" issued to Burt Kravette, Thomas Heidt, Stephen Trapp, Leonard Tarr, James C. Wickstead, and Roger Booth. (A copy of the '582 Patent is attached hereto as Exhibit A.) International Printer is the exclusive licensee of the '582 Patent and is the sole holder of enforcement rights pertaining to the '582 Patent.

#### 2. Weinberger Patents-in-Suit

25. On July 26, 1994, United States Patent No. 5,333,286 (the "'286 Patent") entitled "Two Way Copier Monitoring System" issued to Joseph Weinberger, Gary Bricault, and James Laird. (A copy of the '286 Patent is attached hereto as Exhibit B.) International Printer is the exclusive licensee of the '286 Patent and is the sole holder of enforcement rights pertaining to the '286 Patent.

26. On November 1, 1994, United States Patent No. 5,361,265 (the "'265 Patent") entitled "System For Automatically Monitoring Copiers From A Remote Location" issued to Joseph Weinberger, Gary Bricault, and James Laird. (A copy of the '265 Patent is attached hereto as Exhibit C.) International Printer is the exclusive licensee of the '265 Patent and is the sole holder of enforcement rights pertaining to the '265 Patent.

27. On February 11, 1997, United States Patent No. 5,603,060 (the "'060 Patent") entitled "Method Of Controlling Copy Machines From A Remote Location" issued to Joseph Weinberger, Gary Bricault, and James Laird. (A copy of the '060 Patent is attached hereto as

Exhibit D.) International Printer is the exclusive licensee of the '060 Patent and is the sole holder of enforcement rights pertaining to the '060 Patent.

28. On December 28, 1999, United States Patent No. 6,009,284 (the "'284 Patent") entitled "System And Method For Controlling Image Processing Devices From A Remote Location" issued to Joseph Weinberger, Gary Bricault, and James Laird. (A copy of the '284 Patent is attached hereto as Exhibit E.) International Printer is the exclusive licensee of the '284 Patent and is the sole holder of enforcement rights pertaining to the '284 Patent.

29. On August 28, 2001, United States Patent No. 6,282,383 (the "'383 Patent") entitled "Method Of Monitoring And Initiating Operational Commands In An Image Processing Device" issued to Joseph Weinberger, Gary Bricault, and James Laird. (A copy of the '383 Patent is attached hereto as Exhibit F.) International Printer is the exclusive licensee of the '383 Patent and is the sole holder of enforcement rights pertaining to the '383 Patent.

    **B.    Infringement of the Patents-in-Suit**

        **1.    Tarr Patent-in-Suit**

            **a.    Infringement of the '582 Patent**

30. The Defendants are and have been infringing, contributing to the infringement of, and/or inducing others to infringe one or more of the claims of the '582 Patent through the unauthorized manufacture, use, sale, offer for sale, and/or importation of networkable multi-function printers within the United States.

31. The networkable multi-function printers perform in a normal course of operation each and every step recited in one or more of the claims of the '582 Patent.

### 2. Weinberger Patents-in-Suit

#### a. Infringement of the '286 Patent

32. Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, and Epson are and have been infringing, contributing to the infringement of, and/or inducing others to infringe one or more of the claims of the '286 Patent through the unauthorized manufacture, use, sale, offer for sale, and/or importation of networkable multi-function printers within the United States.

33. The networkable multi-function printers perform in a normal course of operation each and every step recited in one or more of the claims of the '286 Patent.

#### b. Infringement of the '265 Patent

34. Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, Epson, Toshiba, and Xerox are and have been infringing, contributing to the infringement of, and/or inducing others to infringe one or more of the claims of the '265 Patent through the unauthorized manufacture, use, sale, offer for sale, and/or importation of networkable multi-function printers within the United States.

35. The networkable multi-function printers perform in a normal course of operation each and every step recited in one or more of the claims of the '265 Patent.

#### c. Infringement of the '060 Patent

36. Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, and Epson are and have been infringing, contributing to the infringement of, and/or inducing others to infringe one or more of the claims of the '060 Patent through the unauthorized manufacture, use, sale, offer for sale, and/or importation of networkable multi-function printers within the United States.

37. The networkable multi-function printers perform in a normal course of operation each and every step recited in one or more of the claims of the '060 Patent.

### d. Infringement of the '284 Patent

38. Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, Epson, Toshiba, and Xerox are and have been infringing, contributing to the infringement of, and/or inducing others to infringe one or more of the claims of the '284 Patent through the unauthorized manufacture, use, sale, offer for sale, and/or importation of networkable multi-function printers within the United States.

39. The networkable multi-function printers perform in a normal course of operation each and every step recited in one or more of the claims of the '284 Patent.

### e. Infringement of the '383 Patent

40. The Defendants are and have been infringing, contributing to the infringement of, and/or inducing others to infringe one or more of the claims of the '383 Patent through the unauthorized manufacture, use, sale, offer for sale, and/or importation of networkable multi-function printers within the United States.

41. The networkable multi-function printers perform in a normal course of operation each and every step recited in one or more of the claims of the '383 Patent.

**FIRST CAUSE OF ACTION**
**(INFRINGEMENT OF THE '582 PATENT—ALL DEFENDANTS)**

42. International Printer realleges and incorporates by reference the allegations contained in paragraphs 1 - 41.

43. The Defendants have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '582 patent by making, using, offering to sell, selling, and/or importing into the United States infringing products within this district and elsewhere, and have therefore infringed International Printer's rights in the '582 patent.

44. As a result of the Defendants' infringement of the '582 Patent, International Printer has suffered harm and will continue to suffer harm unless provided adequate relief by this Court.

45. International Printer is entitled to recover damages from the Defendants adequate to compensate for the infringement.

## SECOND CAUSE OF ACTION
### (INFRINGEMENT OF THE '286 PATENT—BROTHER, DELL, HP, MURATEC, OCÉ, OKI, PANASONIC, SAMSUNG, AND EPSON)

46. International Printer realleges and incorporates by reference the allegations contained in paragraphs 1 - 41.

47. Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, and Epson have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '286 patent by making, using, offering to sell, selling, and/or importing into the United States infringing products within this district and elsewhere, and have therefore infringed International Printer's rights in the '286 patent.

48. As a result of infringement of the '286 Patent by Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, and Epson, International Printer has suffered harm and will continue to suffer harm unless provided adequate relief by this Court.

49. International Printer is entitled to recover damages from Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, and Epson adequate to compensate for the infringement.

### THIRD CAUSE OF ACTION
### (INFRINGEMENT OF THE '265 PATENT— BROTHER, DELL, HP, MURATEC, OCÉ, OKI, PANASONIC, SAMSUNG, EPSON, TOSHIBA, AND XEROX)

50. International Printer realleges and incorporates by reference the allegations contained in paragraphs 1 - 41.

51. Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, Epson, Toshiba, and Xerox have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '265 patent by making, using, offering to sell, selling, and/or importing into the United States infringing products within this district and elsewhere, and have therefore infringed International Printer's rights in the '265 patent.

52. As a result of the infringement of the '265 Patent by Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, Epson, Toshiba, and Xerox, International Printer has suffered harm and will continue to suffer harm unless provided adequate relief by this Court.

53. International Printer is entitled to recover damages from Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, Epson, Toshiba, and Xerox adequate to compensate for the infringement.

## FOURTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '060 PATENT—BROTHER, DELL, HP, MURATEC, OCÉ, OKI, PANASONIC, SAMSUNG, AND EPSON)

54.     International Printer realleges and incorporates by reference the allegations contained in paragraphs 1 - 41.

55.     Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, and Epson have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '060 patent by making, using, offering to sell, selling, and/or importing into the United States infringing products within this district and elsewhere, and have therefore infringed International Printer's rights in the '060 patent.

56.     As a result of the infringement of the '060 Patent by Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, and Epson, International Printer has suffered harm and will continue to suffer harm unless provided adequate relief by this Court.

57.     International Printer is entitled to recover damages from Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, and Epson adequate to compensate for the infringement.

## FIFTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '284 PATENT— BROTHER, DELL, HP, MURATEC, OCÉ, OKI, PANASONIC, SAMSUNG, EPSON, TOSHIBA, AND XEROX)

58.     International Printer realleges and incorporates by reference the allegations contained in paragraphs 1 - 41.

59.     Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, Epson, Toshiba, and Xerox have directly and contributorily infringed, and have induced others to infringe, one or

more of the claims of the '284 patent by making, using, offering to sell, selling, and/or importing into the United States infringing products within this district and elsewhere, and have therefore infringed International Printer's rights in the '284 patent.

60. As a result of the infringement of the '284 Patent by Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, Epson, Toshiba, and Xerox, International Printer has suffered harm and will continue to suffer harm unless provided adequate relief by this Court.

61. International Printer is entitled to recover damages from Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, Epson, Toshiba, and Xerox adequate to compensate for the infringement.

## SIXTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '383 PATENT—ALL DEFENDANTS)

62. International Printer realleges and incorporates by reference the allegations contained in paragraphs 1 - 41.

63. The Defendants have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '383 patent by making, using, offering to sell, selling, and/or importing into the United States infringing products within this district and elsewhere, and have therefore infringed International Printer's rights in the '383 patent.

64. As a result of the Defendants' infringement of the '383 Patent, International Printer has suffered harm and will continue to suffer harm unless provided adequate relief by this Court.

65. International Printer is entitled to recover damages from the Defendants adequate to compensate for the infringement.

## DEMAND

WHEREFORE, International Printer respectfully requests the following relief:

a) That this Court adjudge and decree that Defendants have been and are currently infringing, inducing others to infringe, and committing acts of contributory infringement with respect to the '582 Patent;

b) That this Court adjudge and decree that Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, and Epson have been and are currently infringing, inducing others to infringe, and committing acts of contributory infringement with respect to the '286 and '060 Patents;

c) That this Court adjudge and decree that Brother, Dell, HP, Muratec, Océ, Oki, Panasonic, Samsung, Epson, Toshiba, and Xerox have been and are currently infringing, inducing others to infringe, and committing acts of contributory infringement with respect to the '265, and '284 Patents;

d) That this Court adjudge and decree that Defendants have been and are currently infringing, inducing others to infringe, and committing acts of contributory infringement with respect to the '383 Patent;

e) That this Court award damages to International Printer to compensate it for each of the unlawful actions set forth in International Printer's complaint;

f) That this Court award interest on such damages to International Printer; and

g) That this Court award such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  August 21, 2007 | COOLEY GODWARD KRONISH LLP |
| | By:   /s/ *Wayne O. Stacy*   |
| | Wayne O. Stacy |

CHANDLER LAW OFFICES
George Chandler, Attorney-in-Charge
State Bar No. 04094000
E-Mail:  gchandler@chandlerlawoffices.com
207 E. Frank, Suite 105
PO Box 340
Lufkin, TX 75902-3040
Telephone: (936) 632-7778
Facsimile:  (936) 632-1304

COOLEY GODWARD KRONISH LLP
Thomas J. Friel, Jr. (*pro hac vice pending*)
California State Bar No. 80065
E-Mail:  tfriel@cooley.com
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA  94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

James P. Brogan
Colorado State Bar No. 32573
E-Mail:  jbrogan@cooley.com
Wayne O. Stacy
Texas State Bar No. 24008070
E-Mail:  wstacy@cooley.com
Orion Armon
Colorado State Bar No. 34923
E-Mail:  oarmon@cooley.com
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021
Telephone: (720) 566-4000
Facsimile:  (720) 566-4099

Attorneys for Plaintiff
INTERNATIONAL PRINTER CORP.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues triable thereby.

Dated:  August 21, 2007

COOLEY GODWARD KRONISH LLP

By:   /s/ *Wayne O. Stacy*
        Wayne O. Stacy

CHANDLER LAW OFFICES
George Chandler, Attorney-in-Charge
State Bar No. 04094000
E-Mail:  gchandler@chandlerlawoffices.com
207 E. Frank, Suite 105
PO Box 340
Lufkin, TX 75902-3040
Telephone: (936) 632-7778
Facsimile:  (936) 632-1304

COOLEY GODWARD KRONISH LLP
Thomas J. Friel, Jr. (*pro hac vice pending*)
California State Bar No. 80065
E-Mail:  tfriel@cooley.com
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA  94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

James P. Brogan
Colorado State Bar No. 32573
E-Mail:  jbrogan@cooley.com
Wayne O. Stacy
Texas State Bar No. 24008070
E-Mail:  wstacy@cooley.com
Orion Armon
Colorado State Bar No. 34923
E-Mail:  oarmon@cooley.com
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021
Telephone: (720) 566-4000
Facsimile:  (720) 566-4099

Attorneys for Plaintiff
INTERNATIONAL PRINTER CORP.

280139 v5/CO