# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PRINTER CORP. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-07-CV-361 (TJW) |
| | § | |
| BROTHER INTERNATIONAL CORP. ET AL., | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Océ N.V.'s Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. # 81) After reviewing the parties' briefs and applicable case law, the Court **DENIES** the motion for the reasons set forth below.

**I. Introduction**

Plaintiff International Printer Corp. ("IPC") brings this patent infringement action against several defendants, including Océ N.V. and its worldwide affiliates. Océ N.V. is a Netherlands corporation that was organized in 1928 and is based in Venlo, The Netherlands. In its brief to the court, Océ N.V. describes itself as merely a holding company with only six employees world wide. It claims that it neither manufactures, sells, offers to sell, imports, ships or distributes products or services to the United States, including Texas. Océ N.V., therefore, urges this court does not enjoy either specific or general jurisdiction over it. It argues IPC has failed to meet its burden to present prima facie evidence supporting personal jurisdiction. IPC argues it has presented prima facie evidence to support a finding of both specific and general personal jurisdiction over Océ N.V.

Personal jurisdiction is governed by Federal Circuit law in patent cases. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed.Cir.1994). "Due Process requires ...

that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, the must have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe, Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)*. Requiring purposeful minimum contacts with the forum helps to ensure that non-residents have notice that a given activity may subject them to litigation within that forum. See *World-Wide Volkswagen, Corp., v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Additionally, specific jurisdiction exists if the nonresident defendant "purposefully direct[s] [its] activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quoting *Burger King Corp. v. Rudzewick*, 471 U.S. 462, 472 (1985)).

When the Court decides a motion to dismiss without holding an evidentiary hearing, the plaintiff only needs to make a prima facie showing of the facts on which jurisdiction is predicated. *Alpine View Co.*, 205 F.3d at 215. In deciding whether a prima facie case exists, the court must accept as true the plaintiff's "uncontroverted allegations, and resolve in [their] favor, all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.*

IPC has produced evidence that Océ N.V. holds itself out as having over 24,000 employees world wide:

> Océ N.V. (NASDAQ: OcéNY; AEX: Océ) employs some 24,500 people worldwide. The company generated revenues of 2.7 billion euros and net profit of 79 million euros in 2005. Océ is active in approximately 80 countries and maintains research and manufacturing centres throughout Europe and the US. For more information about Océ, visit http://www.Océ.com/.

(IPC's resp., Ex. 1 at 3)

Additionally, IPC has presented evidence that Océ centrally manages its worldwide affiliates. (*See, e.g.,* IPCs resp. Ex. 4 at 12, 51, 69, 16, 67, and 68; Ex. 2 at 10, 37, 38). To support specific jurisdiction, IPC presents evidence that Océ N.V.'s website allows users to download allegedly infringing software in Texas, and that Océ N.V. offered allegedly infringing products for sale at a trade show in Dallas, Tx in 2004. While Océ N.V. controverts some of this evidence, that alone does not divest IPC of its prima facie showing. *See Alpine View Co.*, 205 F.3d 208, 215 (5th Cir. 2000).

To survive a motion to dismiss, the plaintiffs do not have to prove the jurisdictional facts by a preponderance of the evidence, but need only make a prima facie showing of jurisdictional facts. *Travelers Indem. Co. V. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986). IPC has met this burden. Eventually IPC will have to establish jurisdiction by a preponderance of the evidence. IPC will have the burden of proving this issue by a preponderance of the evidence at the trial in this case.

## II. Conclusion

Based on the evidence presented by both parties, the court finds that IPC has made a prima facie showing of jurisdictional facts. Océ N.V.'s Motion to Dismiss, therefore, is **DENIED**.

SIGNED this 9th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE